## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

RAHEEM LA'MONZE PLATER  )
           )  Case No. 23-6074
           )  (D.C. no. 5:21-CV-1092-HE)
Petitioner – Appellant,   )  (W.D. Okla.)
           )
v.          )
           )  Application for Certificate of
STEVEN HARPE     )  Appealability
           )
Respondent – Appellee.   )

## APPLICATION FOR CERTIFICATE OF APPEALABILITY AND BRIEF IN SUPPORT

**COMES NOW** Raheem L. Plater, hereinafter Appellant, PRO SE, in the above captioned cause

pursuant the provisions set forth in **28 U.S.C. 2253(c)** and moves this Court for an order granting a

Certificate of Appealability for the forthcoming reasons, consistent with Circuit precedent in **Lennox v**

**Evans 87 F.3d 431(10ᵗʰ Cir. 1996)**

## STATEMENT OF THE CASE

This request for a Certificate of Appealability ("COA") is founded upon the denial of habeas

relief from Magistrate Judge Green and District Court Judge Heaton in the jurisdiction of the Western

District of Oklahoma. Appellant, moved for an evidentiary hearing, discovery, assistance of counsel, as

well as relief for claims contained in the Brief in Support (Doc.49) Appellant, is challenging his

convictions for rape in the second degree and possession of juvenile pornography in the District Court

of Comanche County, Oklahoma resulting to two consecutive life sentences.

## ISSUES TO BE RAISED ON APPEAL

**(1) The issue of entitlement to an evidentiary hearing of claims, if true, entitle Appellant to**

**relief**; the District Court claims to have reviewed claims of Ineffective Assistance of Appellate Counsel

("IAAC") "without deferring to the state court rulings" and has "determined that petitioner had failed

to establish ineffective assistance of appellate counsel"*but without an evidentiary hearing*.(Doc.60 at 2)

**Milton v. Miller, 744 F.3d 660, (10th Cir. 2014)** cited by Appellant at Doc. 44 at 4-5, is on the record and similarly situated to Appellant's habeas petition regarding exhausted IAAC claims. See (Doc. 41,43,44) *Milton* precludes *de novo* judgment without holding an evidentiary hearing; this is exactly what the habeas court has done;see Doc. (57,58,60,65) Conducted *de novo* review **without** a hearing. See *Milton* at 660

> "[3]-Disputed issues of fact existed that **precluded the court from completing its own de novo review of the ineffective assistance of appellate counsel claim**; [4]-The prisoner *was entitled to a federal evidentiary hearing.*"

*Milton* is controlling precedent in this issue and the habeas court did not adhere to it. Only the holding not to defer to the State court ruling but still applied § 2254(d) deference. see(Doc.65)

> "It is undisputed that [Plater] asked both the state trial court and the OCCA for an evidentiary hearing on his ineffective assistance {2014 U.S. App. LEXIS 31}of appellate counsel claim. See[Doc.41 Ex,Doc.44 Ex.] (appellate brief asking for relief in the form of a remand and state evidentiary hearing). Both of those courts, however, denied[Plater's] request. **Under our precedent, "[t]his is sufficient to satisfy § 2254(e)'s diligence requirement." Stouffer, 738 F.3d at 1219.**(citing<u>Milton v Miller 744 F.3d 660,673</u>(10th Cir. 2014))

Therefore Appellant should have received an evidentiary hearing on at LEAST the claims of IAAC and IATC consistent with Doc.'s 41,43,44, 49.

> "Notably, the Supreme Court emphasized that "[s]section 2254(e)(2) **continues to have force** *where §2254(d)(1) does not bar federal habeas relief.*" Id. at 1401.(citing *Milton* at 673)

Appellant has moved for an evidentiary hearing to demonstrate SANE Finney unqualified in conducting diagnosis and treatment and that her contractor *is not qualified* to be recognized by the State of Oklahoma for her to engage in such conduct as well as the location where the SAFE was conducted being in violation of State law. (Doc.41, Ex.2, Doc. 44, Ex. 3)(Doc. 30) Appellant further moved for an evidentiary hearing to demonstrate 3 of the predicate felonies are misdemeanors and the fourth subject

to full faith and credit of Cal. Pen. Code 667.5(b)'s five year "washout" provision rendering the exhibit containing the predicate felonies from California inadmissible(Doc 43,Ex.3). Finally, Appellant also requested an evidentiary hearing to develop the fact that evidence exists that proves the State solicited false testimony in order to corroborate Ex.2 and Ex.9 during trial and that Appellant's trial counsel knowingly refused to obtain or submit the evidence in order to help the State's case survive; a dereliction of his duty to Appellant by loyalty to the State's position. All of these claims, if true entitle Appellant to relief and require further fact finding.

> "[a]n offender who believes he is entitled to habeas relief must first present a claim (including his evidence) to the state courts [ as Appellant done in Doc. No. 41,43,44]. If the state courts reject the claim, then a federal habeas court may review that rejection **on the basis of the materials considered by the state court**. [Exhibits requesting Evidentiary Hearing] If the federal habeas court finds that the state-court decision fails (d)'s test (or if (d) does not apply), then an (e) hearing may be needed.Id.

Its not as if *Milton* has been raised right now; it has been raised on the record. The habeas court denied evidentiary hearing holding the narrow view that Appellant wanted to "relitigate" claims, when in fact the intent is to explain to the habeas court how Appellant intended to bring available evidence and what it tended to prove. For the record, **Cullen v. Pinholster, 131 S. Ct. 1388, 179 L. Ed. 2D 557(2011) does *not preclude evidentiary hearings*** in this circuit. See *Milton* at 673 ("We conclude that Cullen ***does not prohibit*** us from remanding the case to the district {2014 U.S. App. LEXIS 32}court with instructions to hold an evidentiary hearing on [Plater's] ineffective assistance of appellate counsel claim.")

**(2)The issue of whether Appellant's claim of IAAC may be utilized as cause to excuse procedural bar of an independent and adequate State rule**; the District Court admits "*The state district court concluded petitioner's allegations of ineffective assistance of appellate counsel 'fail to meet the burden placed on the Petitioner as established in **Strickland**.'*Doc. 41-4, p.2. Petitioner

(3)

appealed that order, but the OCCA affirmed it. Doc.41-1"(Doc.57 at 3) Therefore the claim of IAAC found to be exhausted has been asserted as **cause** for excusing procedural bar in all claims in Doc. 49, has been exhausted and supplemented in Doc.41,43,44. The prejudice is also demonstrated in length; the three sub-propositions of IAAC as set forth in Doc.'s 41,43,44 are submitted as stand-alone claims in Doc. 49 from Proposition I-III.

10th Circuit precedent holds "*[A]n ineffective assistance claim can serve as cause to excuse a procedural default only if that claim is not itself procedurally defaulted*"**Wilson v Allbaugh 737 F. App'x 413,417(10th Cir. 2018)(citing Edwards v Carpenter 529 U.S. 446,453(2000))(citing Doc.54 at 30/36)** The claim of IAAC is not procedurally defaulted; hence the *de novo* review.

### SUMMARY DEMONSTRATING THIS APPEAL MEETS THE STANDARDS SET FORTH IN Lennox v Evans 87 F.3d 431(10th Cir. 1996), Slack v. McDaniel, 529 U. S. 473, 484(2000)

**a. The Western District of Oklahoma can and should resolve the issues differently:**

The habeas court can *and is supposed to* resolve the issues differently by precluding §2254(d) deference in its *entirety* instead of an analysis consisting of *de novo* review in tandem with §2254(d) deference as it admits in Doc.65, n.1. The habeas court can *and is bound to* conduct an evidentiary hearing to develop the facts *before* adjudicating the merits of the *Strickland* claims of IAAC and IATC.

**b. The Western District of Oklahoma's judgment is debatable amongst reasonable jurists because it is wrong per circuit precedent:**

The Northern District judges in the forthcoming precedent implicitly hold that the Habeas Court's analysis consisting of *de novo* review in conjunction with §2254(d) deference is wrong.

> "Based on the foregoing, this Court's assessment of Brown's Sixth Amendment claim is governed by Strickland's deferential{2022 U.S. Dist. LEXIS 45}standard, **but without the added layer of deference to the OCCA's decision ordinarily imposed by §2254(d). Milton v. Miller, 744 F.3d 660, 670-71 (10th Cir. 2014)**( citing **Brown v Dowling 2022 U.S. Dist LEXIS 51282**[*44](Kern, J. opinion) Joseph Allen Brown Petitioner *March 22nd 2022*

(4)

"If a petitioner demonstrates that §2254(d) does not bar relief, **a federal habeas court will review the petitioner's federal claim de novo.**{2021 U.S. Dist. LEXIS 36}See **Milton v. Miller, 744 F.3d 660, 670-71 (10th Cir. 2014)**(noting that overcoming §2254(d)'s relitigation bar **"effectively removes AEDPA's prohibition on the issuance of a writ"** and **"requires [the federal habeas court] to review de novo"** the petitioner's federal claims, **without deference to the state court's decision**).(citing **Lewallen v Crow 2021 U.S. Dist LEXIS 150870[\*36]** Egan, J. Opinion) William Todd Lewallen Petitioner *August 11th 2021*

"Finally, **even if a petitioner meets §2254(d)'s demanding standards[ As Appellant has done]**, the petitioner is not necessarily entitled to federal habeas relief. **Milton v. Miller, 744 F.3d 660, 670 (10th Cir. 2014)**. *Instead, the petitioner is entitled to have the federal court review his claims de novo*, without deference to the state court's decision. Id.at 670-71 (citing **Cortez-Lazcano v Whitten 2022 U.S. Dist. LEXIS 53511 [\*7]**)(Frizzell, J. opinion) Daniel Cortez-Lazcano Petitioner March 24, 2022

"**Milton v. Miller, 744 F.3d 660, 670-71 (10th Cir. 2014)**(*discussing de novo review of claims when petitioner satisfies §2254(d)'s standards*). If the federal court finds a constitutional error on de novo review, it then "must assess the prejudicial impact of [the] constitutional error . . . under the 'substantial and injurious effect' standard set forth in **Brecht [v. Abrahamson, 507 U.S. 619, 113 S. Ct. 1710, 123 L. Ed. 2d 353**(1993)], (citing **Korona v Nunn 2022 U.S. Dist LEXIS 20125[\*15]**)(Egan, J. Opinion)(Petitioner Brian Ex Korona )Feb 2nd 2022

The above cases all cite *Milton* and hold that §2254(d), once satisfied, NO LONGER APPLIES IN CONJUNTION WITH §2254(d) or the AEDPA because they are ONE AND THE SAME. In Doc.65 at n.1, the habeas court **admits** to still holding §2254(d) deferenc along with *de novo* review on the basis of **Harrington v Richter, 562 U.S. 86,99(2011)** by stating "Summary adjudication does not excuse compliance with §2254(d)" and in doing so completely ignores the fact the unreasonable and contrary clause of §2254(d) which the habeas court admits to Appellant satisfying by warranting de novo review. Thus District Judge Joe Heaton's analysis and adjudication are diametrically opposed to Judges Egan of the Northern District of Oklahoma, Judge Frizzell , and Judge Kern of the same, above.

(5)

In fact Judge Heaton's analysis consisting of *de novo* review while still holding §2254(d) deference to the relevant claim , is contrary to *Richter* itself. In support thereof, *Richter* explicitly holds as follows: **"AEDPA's [thereby meaning §2254(d)]unreasonableness standard *is not* a test of the confidence of a federal habeas court *in the conclusion it would reach as a de novo matter.*"Harrington v Richter 178 L Ed. 2d 624, 632, 562 US 86(2011)** It clearly is shown in Doc.65 that the court still applied §2254(d) and *de novo* review. This is incompatible with *Mitlotn* and other circuit precedent. Doc. 65 oversimplifies PC-2022-774[the OCCA order consistent with the claim of IAAC] and recklessly disregards the *Walker* standard which makes §2254(d) inapplicable. Thus, if *Judges* Egan, Frizzlle, and Kern agree that §2554(d) does *not apply at all* with *de novo* review and Judge Heaton [the habeas court] disagrees that §2254(d) *does apply in conjunction with de novo review*(Doc.65 at 2,n.1), then clearly reasonable *jurists* can debate the habeas court's decision is wrong.

**c. The questions deserve further proceedings**

The above a. and b., clearly demonstrate that an evidentiary hearing on the merits is warranted for a re-assessment of Appellant's claims is in order, furthermore, claims 4, 6-9 of Doc.1, 41,43,44 49. As the court has held the other claims procedurally barred despite Appellant asserting the exhausted IAAC claim as cause to excuse the procedural bar for not raising the claims during direct appeal.

### THE DISTRICT COURT APPLILED THE WRONG LAW

The habeas court admittedly applied **Harrington v Richter , 562 U.S. 86, 99(2011)** see Doc. 65 at n.1.The habeas court is bound to apply the standard set forth in **Townsend v. Sain, 372 U.S. 293, 313, 83 S. Ct. 745, 9 L. Ed. 2d 770**(1963) *BEFORE* it's *de novo* review, conducting an evidentiary hearing to develop facts, which if true, entitle Appellant to relief. *THEN* the habeas court 'must assess the prejudicial impact of [the] constitutional error . . under the 'substantial and injurious effect' standard set forth in **Brecht [v. Abrahamson, 507 U.S. 619, 113 S. Ct. 1710, 123 L. Ed. 2d 353**(1993)]**whether or not** the state appellate court recognized the error and reviewed it{2022 U.S. Dist. LEXIS 16}for

harmlessness under the 'harmless beyond a reasonable doubt' standard set forth in **"Chapman[v. California], 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705**[(1967)]." **Fry v. Pliler, 551 U.S. 112, 121-22, 127 S. Ct. 2321, 168 L. Ed. 2d 16**(2007). see **Korona v Nunn 2022 U.S. Dist. 20125[*15]**

Thus, the court clearly utilized *Richter* and failed to utilize *Townsend* **PRIOR** its to its analysis of IAAC *and Brecht* afterward for prejudice under *Strickland* . Thereby applying the wrong law.

### ACTION APPELLEE WANTS THIS COURT TO TAKE IN THE INSTANT CASE

Appellant respectfully requests (1) the 10th Circuit vacate the habeas courts order denying relief and remand for further fact-finding in the form of an evidentiary hearing,(2) further requests the 10th Circuit order IAAC as cause to excuse failure to raise the claims 4, 7-9 of Doc.49 and thereby review all claims contained in the habeas petition on the merits and (3) If nothing more, for the 10th Circuit to review the claims itself after fact finding procedures and rule on the merits of all claims contained in the habeas petition.

**WHEREFORE** being duly advised of the premises, Appellant prays this honorable court issue a Certificate of Appellability and review the brief in support of this application for Certificate of Appellability for the above mentioned reasons.

**This Monday June 19th 2023.**

Respectfully Submitted,

X _____
Raheem L. Plater 847210
LCRF 1E211
**8607 SE Flowermound Rd
Lawton, OK 73501**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Application for certificate of appalabilty and brief in support was caused to be mailed to Court Clerk Christopher M. Wolpert at the Byron White U.S. Courthouse 1823 Stout St. Denver, CO 80257 by placing the foregoing in the prison mailing system.

# BRIEF IN SUPPORT OF APPLICATION FOR CERTIFICATE OF APPEALABILITY

Case No.  23-6074
(D.C. no. 5:21-CV-1092-HE
(W.D. Okla.)


Raheem La"Monze Plater #847210
LCRF 1E211
8607 SE Flowermound Rd
Lawton, OK
73501

**APPLELLANT HAS BEEN DENIED A CERTIFICATE OF APPEALLABILITY BY THE WESTERN DISTRICT OF OKLAHOMA IN VIOLATION OF DUE PROCESS AND EQUAL PROTECTION AS ENUMERATED IN UNITED STATES CONSTITUTION AMENDMENT XIV**

**STANDARD OF REVIEW**

(1) "Where a district court has rejected the constitutional claims on <*pg. 555> the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."**Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542(2000)**

(2) "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."(*Id.*)

(3) After establishing one of the above standards, Appellant must then make a "substantial showing" of the same. **Barefoot v. Estelle, 463 US 880,n.4,(1983)**("In requiring a 'question of some substance', or a 'substantial showing of the denial of [a] federal right,' *obviously the petitioner need not show that he should prevail on the merits*. He has already failed in that endeavor. Rather, he must demonstrate that the issues *are debatable among jurists of reason*; that a court could resolve the issues [in a different manner]; or that the questions are '*adequate to deserve encouragement to proceed further.'* ")

**ARGUMENT AND AUTHORITY**

(a) The District Court ("Habeas Court") explicitly reviewed the claims of IAAC and IATC *de novo*(Doc. 60, 65,n.1) Under *de novo* review the Habeas Court found no violations of the Untied States Constitution and based it's denial of a C.O.A. on that basis.(Doc.65, at 2)

(1)

Therefore, the "straightforward" approach is warranted per *Slack*. It is notable that, due to facts in dispute within the claims of IAAC and IATC, the Habeas Court's *de novo* review is **precluded** unless and until an evidentiary hearing is conducted – which still has not been done.see (Doc. 60, at 2) (denying relief under *de novo* review with no state deference); see also (Doc.65, at 2)(denying C.O.A. on basis of no constitutional violation under *Strickland*); see **Milton v Miller 744 F.3d 660(10ᵗʰ Cir. 2014)**(expressly holding *de novo* review precluded until evidentiary hearings are conducted)

Moreover, the lack of additional fact finding to determine what version of the facts alleged, which conflict with the record are true, precludes the habeas court's judgment to deny habeas relief; Circuit Judge Seymour, in **Osborn v. Shillinger, 861 F.2d 612, 621(10th Cir. 1988)** concludes additional fact finding is "essential to any *meaningful* decision on the merits." and Chief Circuit Judge Briscoe expressly holds in **Milton v. Miller, 744 F.3d 660, 670-71(10th Cir. 2014)** *de novo* review as precluded until an evidentiary hearing is conducted when facts are alleged which entitle relief to the petitioner which have been denied further development in the instant case; "[3]-Disputed issues of fact existed that precluded the court from completing its own *de novo* review of the ineffective assistance of appellate counsel claim; [4]-The prisoner was entitled to a federal evidentiary hearing."(citing *Milton*)

On the basis of the above precedent, the habeas court erred in its analysis which concluded the lack of a constitutional claim because no fact finding has been conducted to confirm or refute the claims in Doc. 41,43,44; of course there is no finding of a constitutional violation if the court refuses to conduct additional fact finding to support the merits of the claims IAAC and IATC. " An evidentiary hearing was therefore essential to any meaningful decision on the merits ..." rendering Doc.60 and Doc.65 an abuse of discretion because "Without additional fact-finding, the federal court would *necessarily have been required to dismiss the petition* because the record contained *insufficient evidence to prove the relevant claims*."(citing **Osborn at 621**(10ᵗʰ Cir. 1988))(Seymour,J. Opinion)

(2)

Appellant has made crystal clear in establishing that, the reason the habeas court holds no constitutional violation is found because of it's *de novo* review **BEFORE** conducting an evidentiary hearing; effectively suppressing the "necessary findings to decide a constitutional claim properly before the federal court, *Townsend* requires federal fact-finding procedures. Id.at 313-14."(citing *Id.*) This is why Circuit Judge Seymour concluded that judgments similarly situated to Doc.60 and Doc.65 are not "meaningful".

Moreover, to be sure, under the circumstances of the instant case, an evidentiary hearing within the scope of IAAC and IATC is **mandatory** and *not* discretionary **DeLozier v. Simmons, 531 F.3d 1306, 1328(10th Cir. 2008)(quoting *Townsend* at 312)**("[T]he federal court in habeas corpus *must* hold an evidentiary hearing *if the habeas applicant did not receive a full and fair evidentiary hearing in a state court*.") Furthermore §2254(e) does not apply to the instant case on the basis of Appellant's showing of diligence on the record by always requesting for an evidentiary hearing in every petition at every level. Miller **v. Champion, 161 F.3d 1249, 1253(10th Cir. 1998)**

> "Although the record indicates that Mr. [Plater] requested an evidentiary hearing in state court, {1998 U.S. App. LEXIS 8} the court denied this request. ... .We now join **every other circuit that has confronted this question** and hold that where, as here, a habeas petitioner has diligently sought to develop the factual basis underlying his habeas petition, *but a state court has prevented him from doing so*, §2254(e)(2) **does not apply**. See Cardwell, 152 F.3d at 337; **McDonald v. Johnson, 139 F.3d 1056, 1059 (5th Cir. 1998); Burris v. Parke, 116 F.3d 256, 258-59 (7th Cir.)**, cert. denied, 118 S. Ct. 462 (1997); **Jones v. Wood, 114 F.3d 1002, 1012-13 (9th Cir. 1997); Love v. Morton, 112 F.3d 131, 136 (3d Cir. 1997)**. Accordingly, the AEDPA does not preclude Mr.[Plater] from receiving an evidentiary hearing."

**CONCLUSION**

A C.O.A. is requested to issue in conjunction with evidentiary hearing hearing within the scope of IAAC as a claim and cause to excuse allegations, and IATC on the legal basis "[he] did not receive a full and fair evidentiary hearing in a state court,... [in] collateral proceeding." *Townsend*, at 312."

(3)

In sum, there exists constitutional violations of the 6th Amendment in the IAAC and IATC claims;the habeas Court erroneously refused to acquire the facts and evidence required in order to make an informed ( and thereby constitutionally coherent) conclusion on the merits in its *de novo* review. On the basis of the foregoing "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner"**Slack 529 U.S. At 484(2000)** because the claims properly before the habeas court are "adequate to deserve encouragement to proceed further."**Barefoot v. Estelle, 463 U.S. 880,n.4(1983)**

The constitutional violation is there, and just to be sure SCOTUS precedent expressly holds "obviously the petitioner **need not show** that he should prevail on the merits. He has already failed in that endeavor."

**WHEREFORE** being duly advised of the premises Appellant prays this honorable Circuit Court enter an order VACATING the judgment and sentence of the district court and REMAND for an evidentiary hearing on the merits of all claims, in the alternative Appellant requests the same for the exhausted claims of IAAC and the IATC claims which cannot be held procedurally barred on the basis of the second *Kimmelman* imperative.

**This Friday June 23rd 2023.**

Respectfully Submitted,

X _____
**Raheem L. Plater 847210**
**LCRF 1E 211**
**8607 SE Flowermound Rd**
**Lawton, OK 73501**

**Certificate of Service**

This is to certify that a true and correct copy of this brief in support of application for certificate of appealability, four(4) pages, was caused to be mailed, contemporaneously with the Application for Certificate of Appealability six(6) pages to the 10th Circuit Court of Appeals , located at

(4)

Appellate Case: 23-6074    Document: 13    Date Filed: 06/29/2023    Page: 13

...een L. Plater 847210
...F 1E211
...7 SE Flowermound RD
...ton OK 73501

quadient
FIRST-CLASS MAIL
IMI
$001.74
06/27/2023 ZIP 73501
043M31239467
US POSTAGE

Scanned by
US Marshal

10th Circuit Court Clerk
Christopher M. Wolpert
Byron White Courthouse
1823 Stout St
Denver, Co 80257

6 2023

JUN 2 6 2023

Legal